

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Peter Scutero
Senior Counsel
(212) 356-2410
pscutero@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED: 1/12/2024

January 10, 2024

**BY ECF**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

*Extension granted.*
*Conference adjourned to*
*3/7/2024 at 10:00 a.m.*

Re: Rousz Deluca v. The City of New York et al. 23-CV-09726 (CM)

Your Honor:

*[signature] Colleen M.*
*1/12/2024*

I am a Senior Counsel for the City of New York, and the attorney assigned to the above-referenced matter. In that capacity, I write to respectfully request that the Court grant 1) a *nunc pro tunc* enlargement of time from January 9, 2024 to March 11, 2024 within which defendants City of New York, Bill de Blasio, Dermot Shea, and Terence Monahan may answer or otherwise respond to the complaint; and 2) a corresponding adjournment of the initial conference scheduled for February 1, 2024 at 11:45 a.m.[1] This is our first request for an enlargement of time and adjournment of the initial conference. Plaintiff consented to a 30-day enlargement, takes no position on the enlargement request herein, and consents to the adjournment if the enlargement is granted.

In the complaint, plaintiff alleges, *inter alia*, that they were falsely arrested on May 30, 2020, subjected to force and maliciously prosecuted. In addition to the City of New York, Bill de Blasio, Dermot Shea and Terence Monahan, plaintiff names P.O. Kevin Agro and Lieutenant Mellusi, and several unidentified police officers as defendants.

Before this Office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this Office time to receive the executed authorizations for the release of the underlying arrest and medical records from plaintiff and forward the authorizations with requests for records to the appropriate agencies and medical facilities. In order to respond to the allegations contained in the complaint, the defendants must obtain records of the underlying criminal case including Police documents and

---

[1] This Office sincerely apologizes for filing this request past the purported date the answers were due. After being assigned to handle the defense of this matter earlier today, I immediately contacted plaintiff's counsel about consenting to an enlargement.

documents from the Criminal Court and District Attorney's files. It is our understanding that these records are sealed pursuant to New York Criminal Procedure Law § 160.50. Defendants cannot obtain these records without these authorizations, and without the records, defendants cannot properly assess this case or respond to the complaint. Accordingly, defendants require this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

      Moreover, according to the civil docket sheet, the individuals identified in the caption of the complaint as Bill de Blasio, Dermot Shea, Terence Monahan, P.O. Kevin Agro, and Lieutenant Mellusi were purportedly served with the Summons and Complaint on December 19, 2023, and, upon information and belief, Kevin Agro and Lieutenant Mellusi have not requested legal representation from the Office of the Corporation Counsel. This Office has not discussed with Kevin Agro and Lieutenant Mellusi whether they have been served, and in the event they were served, we make no representation herein as to the adequacy of service upon them. Additionally, a decision concerning this Office's representation of Kevin Agro and Lieutenant Mellusi has not yet been made, and accordingly, this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of Kevin Agro and Lieutenant Mellusi. If service has been effectuated, pursuant to Sesction 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent Kevin Agro and Lieutenant Mellusi. They must then decide whether they wish to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain Kevin Agro and Lieutenant Mellusi's written authorizations. Only after this procedure has been followed can we determine how to proceed in this case.

      Finally, defendants require an adjournment of the initial conference so that this Office may secure relevant documents that will enable us to participate effectively in the conference and meaningfully discuss the matters required under Rule 16 of the Federal Rules of Civil Procedure.

      In light of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your time and consideration herein.

                                Respectfully submitted,

                                *Peter Scutero*

                                Peter Scutero
                                *Senior Counsel*
                                Special Federal Litigation Division

cc:      All Counsel (via ECF)