UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROUSZ DELUCA,

                              Plaintiff,

             -against-


THE CITY OF NEW YORK; MAYOR BILL DE BLASIO;
NEW YORK CITY POLICE DEPARTMENT ("NYPD")
COMMISSIONER DERMOT SHEA; NYPD CHIEF OF
DEPARTMENT    TERENCE    MONAHAN;    NYPD
OFFICER  KEVIN  AGRO  (TAX  947964);  NYPD
LIEUTENANT FNU MELLUSI (TAX 931825); AND
NYPD MEMBER DOES 1-20,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT
ON BEHALF OF DEFENDANTS
CITY, DE BLASIO, SHEA,
MONAHAN, MELLUSI, AND
AGRO**

23-CV-09726 (CM)

Jury Trial Demanded

           Defendants The City of New York, Bill de Blasio, Dermot Shea, Terence Monahan, Adam Mellusi, and Kevin Agro by their attorney, the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

           1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

           2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, that the City maintains a police department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department ("NYPD").

           3.      Deny the allegations set forth in paragraph "3" of the Complaint and respectfully refer the Court to the New York City charter for its full content and context, except admit that at

all times relevant to the Complaint Bill de Blasio held the position of Mayor of the City of New York.

4.      Deny the allegations set forth in paragraph "4" of the Complaint and respectfully refer the Court to the New York City Charter for the full content and context of the provisions governing the powers, responsibilities, and duties of the NYPD Police Commissioner, except admit that at all times relevant to the Complaint, Dermot Shea, held the position of NYPD Police Commissioner.

5.      Deny the allegations set forth in paragraph "5" of the Complaint except admit that at all time relevant to the Complaint, Terence Monahan, held the position of NYPD Chief of Department.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that at all times relevant to the Complaint, Kevin Agro was an employee of the City of New York as a member of the NYPD and that plaintiff purports to proceed as set forth therein.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that at all times relevant to the Complaint, Lieutenant Mellusi was an employee of the City of New York as a member of the NYPD and that plaintiff purports to proceed as set forth therein.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint as they pertain to unidentified defendants

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

10.      Deny the allegations set forth in paragraph "10" of the Complaint, except state that the allegations pertaining to "acting under color of state law" are legal conclusions to which no response is required.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except state that the allegations pertaining to "scope of their employment" are legal conclusions to which no response is required.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except state that the allegations pertaining to "acting for, and on behalf of, and with the power and authority vested in them by Defendant City" are legal conclusions to which no response is required.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

17.     Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

19.     State that the allegations set forth in paragraph "19" of the Complaint are legal conclusions to which no response is required.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except admit that the COVID-19 pandemic spanned the summer of 2020 and beyond.

27.     Deny the allegations set forth in paragraph "27" of the Complaint and respectfully refer the Court to Governor Cuomo's Executive Order No. 202-17, available at https://www.governor.ny.gov/sites/default/files/atoms/files/EO_202.17.pdf for its full and accurate content and context.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint and respectfully refer the Court to the cited reports for their full and accurate contents and contexts.

31.     Deny the allegations set forth in paragraph "31" and "31(a)" through "31(h)" of the Complaint and respectfully refer the Court to the cases cited in these sub-paragraphs for which, in most if not all instances, no disposition or ruling on the merits of the case allegations has been provided.

32.     Deny the allegations set forth in paragraph "32" and "32(a)" through "32(g)" of the Complaint and respectfully refer the Court to the cases cited in these sub-paragraphs for which, in most if not all instances, no disposition or ruling on the merits of the case allegations has been provided

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, except admit that plaintiff was transported.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint, except state that the allegations pertaining to "scope of their employment" are legal conclusions to which no response is required.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" as well as sub-paragraphs "59(a) –
(c)" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, except admit that
the City has been named in prior civil lawsuits by demonstrators alleging unlawful conduct by the
NYPD.

68.     Deny the allegations set forth in paragraph "68" and "68(a)" through "68(r)"of the
Complaint, and respectfully refer the Court to the cases cited in these sub-paragraphs for which,
in most if not all instances, no disposition or ruling on the merits of the case allegations has been
provided.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint, except admi that
at one time, a document entitled "Disorder Control Guidelines" did exist within NYPD.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint, and further state that the Disorder Control Guidelines, which are no longer in effect, speak for themselves.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, and further state that the Disorder Control Guidelines, which are no longer in effect, speak for themselves.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "438[1]" and "438(a)" through "438(e)"of the Complaint.

80.     Deny the allegations set forth in paragraph "79" of the Complaint.

81.     Deny the allegations set forth in paragraph "80" of the Complaint, except admit the SRG is a specialized unit within NYPD.

82.     Deny the allegations set forth in paragraph "81" of the Complaint, except admit the SRG is a specialized unit within NYPD.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint, except admit the SRG is a specialized unit within NYPD.

---

[1] Note, that the Complaint contains a numbering error with the paragraph following paragraph 78 erroneously labelled as paragraph no. 438. The next paragraph is labelled paragraph no. 79.

84.     Deny the allegations set forth in paragraph "83" of the Complaint, except admit that members of SRG have been present at certain protests, demonstrations and other large gatherings.

85.     Deny the allegations set forth in paragraph "84" of the Complaint.

86.     Deny the allegations set forth in paragraph "85" of the Complaint.

87.     Deny the allegations set forth in paragraph "86" of the Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

89.     Deny the allegations set forth in paragraph "88" of the Complaint, and respectfully refer the Court to the cited Corporation Counsel's report at page 37 for its full content and context.

90.     Deny the allegations set forth in paragraph "89" of the Complaint.

91.     Deny the allegations set forth in paragraph "90" of the Complaint, except admit that certain after action reports were created, the contents of which speak for themselves.

92.     Deny the allegations set forth in paragraph "91" of the Complaint, and respectfully refer the Court to the cited New York Times article for its full and accurate content and context.

93.     Deny the allegations set forth in paragraph "92" of the Complaint, and respectfully refer the Court to the cited reports for their full and accurate content and context.

94.     Deny the allegations set forth in paragraph "93" of the Complaint.

95.     Deny the allegations set forth in paragraph "94" of the Complaint, and respectfully refer the Court to the cited Corporation Counsel's report at page 32 for its full content and context.

96.     Deny the allegations set forth in paragraph "95" of the Complaint, except admit that then-Mayor de Blasio, then-Commissioner Shea, and then-Chief Monahan communicated with one another as well as other senior and junior NYPD staff regarding protest activity.

97.     Deny the allegations set forth in paragraph "96" of the Complaint.

98.     Deny the allegations set forth in paragraph "97" of the Complaint, except admit that the deposition transcripts from the *Packard* action speak for themselves.

99.     Deny the allegations set forth in paragraph "98" of the Complaint.

100.    Deny the allegations set forth in paragraph "99" of the Complaint, and state that all deposition transcripts in other cases, some of which are confidential, speak for themselves.

101.    Deny the allegations set forth in paragraph "100" of the Complaint, and respectfully refer the Court to the cited Corporation Counsel's report at pages 2, 30 – 31 for its full content and context.

102.    Deny the allegations set forth in paragraph "101" of the Complaint.

103.    Deny the allegations set forth in paragraph "102" of the Complaint.

104.    Deny the allegations set forth in paragraph "103" of the Complaint.

105.    Deny the allegations set forth in paragraph "104" of the Complaint.

106.    Deny the allegations set forth in paragraph "105" of the Complaint.

107.    Deny the allegations set forth in paragraph "106" of the Complaint.

108.    Deny the allegations set forth in paragraph "107" of the Complaint.

109.    Deny the allegations set forth in paragraph "108" of the Complaint.

110.    Deny the allegations set forth in paragraph "109" of the Complaint.

111.    Deny the allegations set forth in paragraph "110" of the Complaint.

112.    Deny the allegations set forth in paragraph "111" of the Complaint.

113.    Deny the allegations set forth in paragraph "112" of the Complaint.

114.    Deny the allegations set forth in paragraph "113" of the Complaint.

115.    Deny the allegations set forth in paragraph "114" of the Complaint.

116.    Deny the allegations set forth in paragraph "115" of the Complaint.

117.    Deny the allegations set forth in paragraph "116" of the Complaint.

118.    Deny the allegations set forth in paragraph "117" of the Complaint.

119.    Deny the allegations set forth in paragraph "118" of the Complaint.

120.    Deny the allegations set forth in paragraph "119" of the Complaint.

121.    Deny the allegations set forth in paragraph "120" of the Complaint.

122.    Deny the allegations set forth in paragraph "121" of the Complaint.

123.    Deny the allegations set forth in paragraph "122" of the Complaint.

124.    Deny the allegations set forth in paragraph "123" of the Complaint.

125.    Deny the allegations set forth in paragraph "124" of the Complaint.

126.    Deny the allegations set forth in paragraph "125" of the Complaint.

127.    Deny the allegations set forth in paragraph "126" of the Complaint.

128.    Deny the allegations set forth in paragraph "127" of the Complaint.

129.    Deny the allegations set forth in paragraph "128" of the Complaint.

130.    Deny the allegations set forth in paragraph "129" of the Complaint.

131.    Deny the allegations set forth in paragraph "130" of the Complaint.

132.    Deny the allegations set forth in paragraph "131" of the Complaint and respectfully refer the Court to the cited AG Report for it full content and context.

133.    Deny the allegations set forth in paragraph "132" of the Complaint and respectfully refer the Court to the cited AG Report for it full content and context.

134.    Deny the allegations set forth in paragraph "133" of the Complaint and respectfully refer the Court to the cited AG Report for it full content and context.

135.    Admit the allegations set forth in paragraph "134" of the Complaint.

136.    Deny the allegations set forth in paragraph "135" of the Complaint and respectfully refer the Court to the cited DOI Report for it full content and context.

137.    Deny the allegations set forth in paragraph "136" of the Complaint and respectfully refer the Court to the cited DOI Report for it full content and context.

138.    Deny the allegations set forth in paragraph "137" of the Complaint and respectfully refer the Court to the cited DOI Report for it full content and context.

139.    Deny the allegations set forth in paragraph "138" of the Complaint and respectfully refer the Court to the cited DOI Report for it full content and context.

140.    Deny the allegations set forth in paragraph "139" of the Complaint and respectfully refer the Court to the cited DOI Report for it full content and context.

141.    Deny the allegations set forth in paragraph "140" of the Complaint and respectfully refer the Court to the cited DOI Report for it full content and context.

142.    Deny the allegations set forth in paragraph "141" of the Complaint and respectfully refer the Court to the cited DOI Report for it full content and context.

143.    Deny the allegations set forth in paragraph "142" of the Complaint and respectfully refer the Court to the cited DOI Report for it full content and context.

144.    Deny the allegations set forth in paragraph "143" of the Complaint and respectfully refer the Court to the cited DOI Report for it full content and context.

145.    Deny the allegations set forth in paragraph "144" of the Complaint.

146.    In response to paragraph "145" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

147.    Deny the allegations set forth in paragraph "146" of the Complaint.

148.    Deny the allegations set forth in paragraph "147" of the Complaint.

149.    Deny the allegations set forth in paragraph "148" of the Complaint.

150.    Deny the allegations set forth in paragraph "149" of the Complaint.

151.    Deny the allegations set forth in paragraph "150" of the Complaint.

152.    In response to paragraph "151" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

153.    Deny the allegations set forth in paragraph "152" of the Complaint.

154.    Deny the allegations set forth in paragraph "153" of the Complaint.

155.    Deny the allegations set forth in paragraph "154" of the Complaint.

156.    In response to paragraph "155" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

157.    Deny the allegations set forth in paragraph "156" of the Complaint.

158.    Deny the allegations set forth in paragraph "157" of the Complaint as well as sub-paragraphs "157(a)" – "157(d)".

159.    Deny the allegations set forth in paragraph "158" of the Complaint.

160.    Deny the allegations set forth in paragraph "159" of the Complaint.

161.    In response to paragraph "160" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

162.    Deny the allegations set forth in paragraph "161" of the Complaint.

163.    Deny the allegations set forth in paragraph "162" of the Complaint.

164.    Deny the allegations set forth in paragraph "163" of the Complaint.

165.    Deny the allegations set forth in paragraph "164" of the Complaint.

166.    Deny the allegations set forth in paragraph "165" of the Complaint.

167.    Deny the allegations set forth in paragraph "166" of the Complaint.

168.    Deny the allegations set forth in paragraph "167" of the Complaint.

169.    Deny the allegations set forth in paragraph "168" of the Complaint.

170.    Deny the allegations set forth in paragraph "169" of the Complaint.

171.    Deny the allegations set forth in paragraph "170" of the Complaint.

172.    Deny the allegations set forth in paragraph "171" of the Complaint.

173.    Deny the allegations set forth in paragraph "172" of the Complaint.

174.    Deny the allegations set forth in paragraph "173" of the Complaint.

175.    In response to paragraph "174" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

176.    Deny the allegations set forth in paragraph "175" of the Complaint.

177.    Deny the allegations set forth in paragraph "176" of the Complaint.

178.    Deny the allegations set forth in paragraph "177" of the Complaint.

179.    Deny the allegations set forth in paragraph "178" of the Complaint.

180.    In response to paragraph "179" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

181.    Deny the allegations set forth in paragraph "180" of the Complaint.

182.    Deny the allegations set forth in paragraph "181" of the Complaint.

183.    Deny the allegations set forth in paragraph "182" of the Complaint.

184.    Deny the allegations set forth in paragraph "183" of the Complaint.

185.    Deny the allegations set forth in paragraph "184" of the Complaint.

186.    In response to paragraph "185" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

187.    Deny the allegations set forth in paragraph "186" of the Complaint.

188.    Deny the allegations set forth in paragraph "187" of the Complaint.

189.    Deny the allegations set forth in paragraph "188" of the Complaint.

190.    In response to paragraph "189" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

191.    Deny the allegations set forth in paragraph "190" of the Complaint.

192.    Deny the allegations set forth in paragraph "191" of the Complaint.

193.    Deny the allegations set forth in paragraph "192" of the Complaint.

194.    Deny the allegations set forth in paragraph "193" of the Complaint.

195.    Deny the allegations set forth in paragraph "194" of the Complaint.

196.    Deny the allegations set forth in paragraph "195" of the Complaint.

197.    Deny the allegations set forth in paragraph "196" of the Complaint.

198.    In response to paragraph "197" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

199.    Deny the allegations set forth in paragraph "198" of the Complaint.

200.    Deny the allegations set forth in paragraph "199" of the Complaint.

201.    Deny the allegations set forth in paragraph "200" of the Complaint.

202.    Deny the allegations set forth in paragraph "201" of the Complaint.

203.    In response to paragraph "202" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

204.    Deny the allegations set forth in paragraph "203" of the Complaint.

205.    Deny the allegations set forth in paragraph "204" of the Complaint.

### AS FOR A FIRST AFFIRMATIVE DEFENSE:

206.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND AFFIRMATIVE DEFENSE:

207.     Defendants City, de Blasio, Shea, Monahan, Mellusi, and Agro have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants City, de Blasio, Shea, Monahan, Mellusi, and Agro violated any acts of Congress providing for the protection of civil rights.

## AS FOR A THIRD AFFIRMATIVE DEFENSE:

208.     Plaintiff provoked any incident.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE:

209.     Punitive damages are not recoverable against the City of New York.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE:

210.     There was probable cause for plaintiff's arrest, detention, search, and prosecution.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE:

211.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and was not the proximate result of any act of the defendants.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE:

212.     Defendants de Blasio, Shea, Monahan, Mellusi, and Agro have not violated any clearly established constitutional right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE:

213.     At all times relevant to the acts alleged in the complaint, defendants de Blasio, Shea, Monahan, Mellusi, and Agro acted reasonably in the proper and lawful exercise of their discretion.

## AS FOR A NINTH AFFIRMATIVE DEFENSE:

214.   To the extent plaintiff asserts state law claims against defendants, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS FOR A TENTH AFFIRMATIVE DEFENSE:

215.   At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

216.   Plaintiff failed to mitigate their damages.

## AS FOR A TWELFTH AFFIRMATIVE DEFENSE:

217.   Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. Gen Mun, Law 50-(e), (h) and/or (i).

## AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

218.   To the extent that one or more Defendants used any force, it was reasonable, justified, and necessary to accomplish Defendants' official duties and to protect their own physical safety and the safety of others.

## AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE

219.   Plaintiffs have failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

220.    Plaintiff's claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

## AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

221.    Plaintiff's claims are barred by the statute of limitations.

**WHEREFORE,** Defendants City, de Blasio, Shea, Monahan, Mellusi and Agro request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      March 11, 2024

                        HON. SYLVIA O. HINDS-RADIX
                        Corporation Counsel of the
                        City of New York
                        *Attorney for Defendants City, de Blasio, Shea,*
                          *Monahan, Mellusi, and Agro*
                        100 Church Street
                         Tel: (212) 356-2410
                        pscutero@law.nyc.gov

By:    *Peter Scutero*  s/
                        Peter Scutero, Esq.

cc:    <u>BY ECF</u>
       All Counsel