UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROUSZ DELUCA ,

      Plaintiff,

                                                                                No. 23 -cv- 09726   (CM)

-against-

THE CITY OF NEW YORK et al. ,

      Defendant.
-----------------------------------------------------------x

## CIVIL CASE MANAGEMENT PLAN
(For all cases except those exempt per Individual Rules)

McMahon, J.:

1.    This case [is]/is not to be tried to a jury.

2.    Discovery pursuant to Fed. R. Civ. P. 26(a) shall be exchanged by 4/4/24.

3.    No additional parties may be joined after 5/21/24.

4.    No pleading may be amended after 5/21/24.

5.    **Section 1983 Cases.** If your case is brought pursuant to 42 U.S.C. § 1983, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in the Individual Rules, which can be found at http://nysd.uscourts.gov/judge/Mcmahon. Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial.

6.    All discovery, including expert discovery, must be completed on or before 1/21/25.

    a.   For personal injury, civil rights, employment discrimination or medical malpractice cases only: Plaintiff's deposition shall be taken first, and shall be completed by 9/30/24.

    b.   **PLEASE NOTE:** the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), well before the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates:

        i. Plaintiff(s) expert report(s) by 12/04/24 ;

           ii. Defendant(s) expert report(s) by __01/03/25__.

7.     Judge McMahon's rules governing electronic discovery are automatically in force in this case and can be found at http://nysd.uscourts.gov/judge/Mcmahon. The parties must comply with those rules unless they supersede it with a consent order.

8.     Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is     .

     a. The first time there is a discovery dispute that counsel cannot resolve on their own, file a letter to Chambers via ECF and ask for an order of reference to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon.

     b. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-*pro se* cases.

     c. **The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.** Judge McMahon does not routinely grant extensions so counsel are warned that it they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9.     The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

10.    A joint pretrial order in the form prescribed in Judge McMahon's Individual Rules, together with all other pretrial submissions required by those rules (not including *in limine* motions), shall be submitted on or before __5/21/25__.

     a. Following submission of the joint pretrial order, counsel will be notified of the date of the final pretrial conference.

     b. *In limine* motions must be filed within **five days** of receiving notice of the final pretrial conference; responses to *in limine* motions are due **five days** after the motions are made. Cases may be called for trial at any time following the final pretrial conference.

     c. For bench trials, see Judge McMahon's special rules for bench trials in the Individual Rules.

11.    No motion for summary judgment may be served after the date the pretrial order is due. **The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pretrial order and other pretrial submissions on the assigned date.**

**12.** This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. **Counsel should not assume that extensions will be granted as a matter of routine.**

Dated: March 19, 2024

       New York, New York

Upon consent of the parties:
[signatures of all counsel]

| *Peter Scutero* | s/ Jessica Massimi |
|---|---|
| New York City Law Department | Cohen & Green P.L.L.C. |
| 100 Church Street | 1639 Centre Street, Suite 216 |
| New York, NY 10007 | Ridgewood (Queens), NY 11385 |
| 212-356-2410 | 929-888-9480 |
| *Counsel to Defendants* | *Counsel to Plaintiff* |

SO ORDERED: _____
Hon. Colleen McMahon
U.S. District Judge

3-20-2024

3